IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| ROBERT M. FENLON | § | |
| --- | --- | --- |
| Plaintiff, | § § § | |
| VS. | § | NO. 3-07-CV-1319-L |
| NATHANIEL QUARTERMAN, ET AL. | § § § § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Robert M. Fenlon, a Texas prisoner, against Nathaniel Quarterman, Director of the Texas Department of Criminal Justice ("TDCJ"), the Chief Administrator of the University of Texas Medical Branch ("UTMB"), and various TDCJ and UTMB employees. On July 26, 2007, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on October 12, 2007. The court now determines that venue

is improper in the Northern District of Texas and that this action should be summarily dismissed without prejudice.

II.

Plaintiff is currently serving a 30-year sentence on a state drug conviction. At various times during his incarceration, plaintiff was housed at the Beto I Unit in Tennessee Colony, Texas, the Garza West Unit in Beeville, Texas, the Ramsey I Unit in Rosharon, Texas, and the Byrd and Estelle Units in Huntsville, Texas. Plaintiff also received medical treatment during his incarceration at the UTMB Hospital in Galveston, Texas. Although his claims are difficult to decipher, it appears that plaintiff contends that: (1) he received inadequate medical care for a variety of ailments, including tumors in his neck and stomach, an abdominal aneurysm, and serious tooth decay, at some or all of these TDCJ facilities and the UTMB Hospital; (2) his medical problems were exacerbated by the manner in which he was transported by prison officials; (3) he was denied access to the law library and legal materials while incarcerated at the Beto I Unit; (4) officials at the Beto I Unit and the Byrd Unit failed to respond to his grievances; and (5) he was retaliated against by the staff at the Estelle Unit. By this suit, plaintiff seeks unspecified money damages and injunctive relief.

A.

Venue in a civil rights action is governed by 28 U.S.C. § 1391(b). *See Davis v. Louisiana State University*, 876 F.2d 412, 413 (5th Cir. 1989). This statute provides that civil cases not founded solely on diversity of citizenship must be brought in the judicial district where: (1) the defendant resides; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) where any defendant may be found if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). If a civil action is filed in a judicial district where venue is improper,

the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.* § 1406(a). A district court may dismiss a complaint *sua sponte* for improper venue in extraordinary circumstances, such as where "neither the activities nor the parties alleged in [the] complaint have any relation to [the] district[.]" *Stich v. Rehnquist*, 982 F.2d 88, 89 (2d Cir. 1992) (affirming summary dismissal for improper venue of *pro se* civil action against United States Supreme Court justices, former Attorney General of the United States, and Ninth Circuit bankruptcy judges); *see also Caldwell v. Medical Council of California*, 113 F.3d 1234 (Table), 1997 WL 234612 at *1 (6th Cir. May 6, 1997).

B.

None of the defendants named by plaintiff in his complaint reside in the Northern District of Texas. Nor did any of the events or omissions giving rise to plaintiff's claims occur in this district. Instead, all the claims made the basis of this suit occurred at five different TDCJ facilities and a UTMB Hospital located in other judicial districts throughout Texas. The claims arising out of plaintiff's incarceration at Beto I Unit in Anderson County, Texas, must be brought in the Tyler Division of the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(1). The claims arising out of plaintiff's incarceration at the Garza West Unit in Bee County, Texas, must be brought in the Corpus Christi Division of the Southern District of Texas. *Id.* § 124(b)(6). The claims arising out of plaintiff's incarceration at the Byrd and Estelle Units in Walker County, Texas, must be brought in the Houston Division of the Southern District of Texas. *Id.* § 124(b)(2). The claims arising out of plaintiff's incarceration at the Ramsey I Unit in Brazoria County, Texas, and his treatment at the UTMB Hospital in Galveston County, Texas, must be brought in the Galveston Division of the Southern District of Texas. *Id.* § 124(b)(1). Because these claims are so disparate and involve so

many different defendants, they cannot be easily severed for transfer. Accordingly, the court should summarily dismiss this case for improper venue pursuant to 28 U.S.C. § 1404(a).[1]

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed without prejudice for improper venue.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 30, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The court notes that plaintiff has filed at least five other federal lawsuits while incarcerated. All those cases were filed in the Southern District of Texas. *See Fenlon v. Dretke*, No. H-04-CV-1541 (S.D. Tex. 2005); *Fenlon v. Thomas*, No. H-01-CV-4271 (S.D. Tex. 2002), *aff'd*, 69 Fed.Appx. 659 (5th Cir. 2003); *Fenlon v. Moskowitz*, No. H-01-CV-4270 (S.D. Tex. 2002), *aff'd*, 67 Fed.Appx. 242 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1154 (2004); *Fenlon v. Thomas*, No. H-00-CV-4177 (S.D. Tex. 2000), *COA denied*, No. 01-20041 (5th Cir. 2001); *Fenlon v. Thomas*, No. H-00-CV-1342 (S.D. Tex. 2001); *COA denied*, No. 01-21286 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 2217 (2003).